IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WILLIAM D. HARMON,<br><br>                Petitioner,<br><br>     vs.<br><br>BILL LOCKYER, *et al.*,<br><br>                Respondents. | No. 2:06-cv-01770-JKS-GGH<br><br>ORDER GRANTING<br>CERTIFICATE OF APPEALABILITY |

      At Docket No. 30 Petitioner, a state prisoner proceeding *pro se*, has timely filed a Notice of Appeal from the judgment entered herein on December 12, 2007.

      Before petitioner can appeal this decision, a Certificate of Appealability ("COA") must issue.[1] 28 U.S.C. § 2253(c); Fed. R. App. P. 22(b). A COA should be granted when "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (internal quotation marks and citations omitted)); *Hoffman v. Arave*, 455 F.3d 926, 943 (9th Cir. 2006) (same).

      This action has an unusual procedural history. It was originally initiated by several plaintiffs under 42 U.S.C. § 1983 in the California Superior Court and removed to the federal courts by the Respondents and subsequently converted to individual habeas petitions, all of which present identical issues.[2] That the state remedies had not been exhausted was not contested by Petitioner. The issue presented on the question of exhaustion was whether the

---

     [1] The Court recognizes that the relief sought in this case may be construed as an unconstitutional denial of parole for which a COA is not required. *Rosas v. Nielsen*, 428 F.3d 1229, 1232 (9th Cir. 2005). However, in an abundance of caution, the Court issues this COA.

     [2] *Aleo v. Lockyer*, 2:06-cv-01766-JKS-GGH; *Blocker v. Lockyer*, 2:06-cv-01767-JKS-GGH; *Calderon v. Lockyer*, 2:06-cv-01769-JKS-GGH; and *Messenger v. Lockyer*, 2:06-cv-01772-JKS-GGH.

action by Respondents in removing the original § 1983 complaint constituted a waiver of the requirement that the issues presented in a habeas petition be first presented to the state courts for resolution.

The principle that exhaustion must be expressly waived, 28 U.S.C. § 2254(b)(3), and cannot be waived by implication is well established. However, what is not clearly established is whether, in removing the original § 1983 action from the state court to a federal court, counsel for Respondent has expressed an intent to waive the requirement that all federal issues must be first fairly presented to the state courts. Although this Court has determined that it is not, this Court recognizes that it is an issue upon which reasonable jurists may disagree. Accordingly, Petitioner is entitled to a Certificate of Appealability on the following issue: Did counsel for Respondents expressly waive the exhaustion requirement by removing the original § 1983 action from the state court to the federal court.

IT IS SO ORDERED.

Dated: January 7, 2008

s/ James K. Singleton, Jr.<br>
JAMES K. SINGLETON, JR.<br>
United States District Judge